**BURTON SHIPYARD, INC., Petitioner,**

v.

**The Honorable David W. WILLIAMS, United States District Judge for the Central District of California, Respondent.**

**No. 71-1458.**

United States Court of Appeals, Ninth Circuit.

Sept. 2, 1971.

Hamlin, Circuit Judge, dissented and filed opinion.

Bruce I. Rauch (argued), Fletcher & Rauch, Los Angeles, Cal., for petitioner.

Jack R. Ormes, Los Angeles, Cal., (argued), of Buck, Burrows & Smith, James H. Ackerman, Long Beach, Cal., Boccardo, Blum, Lull, Niland, Terflink & Bell, San Francisco, Cal., Magana, Olney, Levy & Cathcart, Bodle, Fogel, Julber & Reinhardt, Los Angeles, Cal., William T. Selby, Ventura, Cal., for real parties in interest.

Sikes, Pinney & Matthew, North Hollywood, Cal., Harlow & Chier, Century City, Cal., McCutceon, Black, Verleger & Shea, Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., Eckdale & Shallenberger, San Pedro, Cal., for other defendants.

Before HAMLIN, HAMLEY and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Petitioner demands that we issue a writ of mandamus directed to respondent, requiring him to allow a F.R.Civ.P.,

Rule 12(b) (2) motion to dismiss on the ground of lack of jurisdiction over the person.

Petitioner, a Texas corporation, was the builder of the TRIPLE CROWN, a vessel which sank off the California coast in November, 1968. In the main action, pending in the Central District of California, multiple plaintiffs seek damages for injuries, property damage and the deaths of ten persons aboard the vessel at the time of the sinking. Petitioner is one of the defendants.

The sole issue is whether petitioner had the "minimum contacts" with the Central District within the meaning of that phrase as utilized in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Duple Motor Bodies, Ltd. v. Hollingsworth, 417 F.2d 231 (9th Cir. 1969).

Petitioner knew that some of the vessels it had constructed had been placed in oil exploration activities off the California coast. Additionally, the record discloses that petitioner had been purchasing steel in California for use in the construction of its ships for a number of years and that the practice continued until after the institution of this litigaion. The steel was shipped from California to petitioner's yard in Port Arthur, Texas. The annual steel purchases amounted to approximately $50,000.00. On the entire record, petitioner's contacts were sufficient to meet the requirements of *International Shoe, Duple* and the California case of Buckeye Boiler Co. v. Superior Court, 71 Cal.2d 893, 80 Cal. Rptr. 113, 458 P.2d 57 (1969). The fact that the TRIPLE CROWN might be a different type of vessel and utilized for another, but related, purpose is of no significance. All types were used in oil exploration activities off the California coast. Although *Duple* involved the con-

struction of the Hawaii long-arm statute, the constitutional principles there recognized are controlling on the record here presented.

If, during the course of pre-trial, it appears that the inconvenience of petitioner in having to defend itself in a foreign forum outweighs the interest of the plaintiffs in the pending action suing locally, the district judge has a wide discretion in granting a change of venue to petitioner's home forum.

The petition for a writ of mandamus must be denied.

It is so ordered.

HAMLIN, Circuit Judge (dissenting):

I respectfully dissent.

In Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1957), the Supreme Court in discussing the burden of defending in a foreign jurisdiction stated: "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him. See International Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)." The Court further stated " * * * it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 357 U.S. at 253, 78 S.Ct. at 1240.

In this case I find no such minimal contacts at all. The ship was built in Texas by a Texas company, for a Texas company, according to its design, and delivered and paid for in Texas. There is no clear evidence that defendant-petitioner Burton Shipyard was informed, or knew, that it was to be taken to California waters.[1]

1. The only evidence on this point (which to me is insufficient) is as follows:
  "Q. Approximately how many boats has your company built for the purposes of offshore oil exploration?
  "A. That is a hard question to answer.
  "Q. Can you give us an approximate number?
  "A. Two hundred.

The cases relied upon in the majority opinion are distinguishable.[2] There are no facts, in my opinion, in this case similar to those found in the cases relied upon in the majority opinion.

I would grant the writ.

"Q. And were most of these sold to customers who used them in the Gulf?

"A. Yes, sir.

"Q. Any of them, to your knowledge, used for offshore exploration in California?

"A. There are some over there. There is some in Alaska, Africa."

2. In *Duple, supra*, the manufacturer knew that the bus it manufactured was to be sent to and used in Hawaii.

In *Buckeye Boiler, supra*, the Supreme Court of California stated the general rule, as follows:

A defendant not literally 'present' in the forum state may not be required to defend itself in that state's tribunals unless the 'quality and nature of the defendant's activity' in relation to the particular cause of action makes it fair to do so. (Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283; McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Henry R. Jahn & Son v. Superior Court, 49 Cal.2d 855, 860, 323 P.2d 437.)  80 Cal.Rptr. at 117, 458 P.2d at 61.

The court, in holding that California courts had jurisdiction, pointed out:

In the present case, it is clear that defendant derives substantial economic benefit from the sale and use of its products in California; it currently derives about $30,000 annually in gross sales revenues from its direct sales of certain pressure tanks to the Cochin Manufacturing Company plant in South San Francisco. On the basis of these sales alone, defendant is purposefully engaging in economic activity within California as a matter of 'commercial actuality.' *Id.*, 80 Cal.Rptr. at 121, 458 P.2d at 65.

In *International Shoe, supra*, the appellant's salesmen in the forum state conducted regular and systematic solicitations of orders, resulting in a continuous flow of appellant's product into the state.

In McGee v. International Life Ins. Co., *supra*, the insurance contract was delivered in California, the premiums were mailed from there, and the insured was a resident of that state when he died.